**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 2008-208 (WOB)**

**VERNON D. FORE**                                                                 **PLAINTIFF**

**VS.**                                      **OPINION AND ORDER**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**


     This matter is before the court on the motion for summary judgment of the plaintiff (Doc. 10) and the cross-motion for summary judgment of the defendant (Doc. 11).

     In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached."  Alexander v. Apfel, 17 Fed. Appx. 298, 300 (6th Cir. 2001) (citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. 2001)).

     In order to qualify for benefits, the claimant must establish that he is disabled within the meaning of the Social Security Act.  42 U.S.C. § 423(a)(1)(D).  The Act defines

1

"disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability.  Heston v. Commissioner of Social Security, 245 F.3d 528 (6th Cir. 2001).  First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity." Id. at 534 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)(citing 20 C.F.R. 404.1520(b)).  Second, if the claimant is not engaged in substantial gainful activity, he must demonstrate he suffers from a severe impairment.  Id. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'"  Id. (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)).  Third, if claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. Id. (citing 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000)).  Fourth, claimant is not disabled if his impairment(s) does not prevent him from doing his past relevant work.  Id.  Lastly, even if the claimant cannot perform his past relevant work, he is not

2

disabled if he can perform other work which exists in the national economy.  Id. (citing Abbott, 905 F.2d at 923).

The claimant has the burden of establishing that he is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.

At the time of the ALJ's decision, the claimant was forty-seven years old and has a high school education.  He has previously worked as an auto mechanic, truck loader, carpenter's helper and factory worker.  All claimant's prior relevant work required a heavy level of exertion.  The claimant alleges disability due to residual pain and restrictions following an unsuccessful lumbar disc surgery and depression.

The claimant filed a previous application for disability on April 12, 2002, which the Commissioner denied on February 25, 2004.  On January 11, 2006, the United States District Court for the Eastern District Of Kentucky affirmed the Commissioner's decision.  Fore v. Astrue, 6:05-cv-083(GWU).  The plaintiff did not appeal this decision.

On June 17, 2004, the claimant filed his current application for benefits.[1]  On September 27, 2006, the ALJ denied this application, finding that the cliamant was not disabled under the Act.  The Appeals Council denied review, and the claimant filed

---

[1]Because the claimant did not appeal the January 11, 2006 judgment of the District Court, the instant claim relates only to the issue of disability beginning February 26, 2004, the first day of the unadjudicated period.

3

this appeal, seeking a reversal of the Commissioner's decision.

At the hearing, the ALJ sought testimony from the claimant and a vocational expert.  Upon hearing the testimony and reviewing the record, the ALJ sent interrogatories to a medical expert, Dr. Cloninger.  Claimant's counsel sent Dr. Cloninger's responses to claimant's treating physician, Dr. Mazloomdoost, for his review and comment.  Dr. Mazloomdoost provided explanations to Dr. Cloninger's concerns.  The ALJ considered this evidence and performed the five-step evaluation for determining disability.

In the case at bar, the ALJ determined at step one that claimant has not been engaged in substantial gainful activity since the alleged onset of disability.  At step two, the ALJ determined that the claimant has the following severe impairments: "disorders of the back, discogenic and degenerative status post laminectomy; hypertension; and adjustment disorder," and he suffers from depression.  At step three, the ALJ determined that, although claimant has impairments that are "severe," he does not have an impairment that is listed in or equal to one listed at 20 C.F.R. part 404, subpart P, appendix 1.

Prior to step four, the ALJ determined that there has not been any relevant change in the claimant's medical condition since the prior decision and, therefore, the claimant had the residual functional capacity ("RFC") for a limited range of light work as determined by the prior ALJ on February 25, 2004.  At step four, the ALJ found that the  claimant cannot perform his

4

past relevant work and, therefore, moved on to step five.

At step five, the ALJ, relying on the testimony of the vocational expert, found that a significant number of jobs existed in the national economy that the claimant could perform, including: product assembler (1,100 jobs regionally and 44,000 jobs nationally), product inspector (600 jobs regionally and 35,000 jobs nationally), and grader/sorter (700 jobs regionally and 70,000 jobs in nationally).

The claimant argues that the ALJ erred in adopting the residual functional capacity articulated in the prior ALJ's decision.  The Sixth Circuit has held that to escape the principles of *res judicata*, the party seeking to avoid the application must prove a change in circumstances.  Drummond v. Commissioner of Social Security, 126 F.3d 837, 843 (6th Cir. 1997); Osborne v. Astrue, Case No. 07-335, 2008 WL 2859038 (E.D. KY. July 24, 2008).

Acquiescence Ruling[2] 98-4(6) explains how the Social Security Administration applies Drummond to claims within the Sixth Circuit.  Specifically, 98-4(6) instructs that:

> [w]hen adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding

---

[2]Acquiescence Rulings explain how the Administration will apply decisions of the United States Courts of Appeals to other cases in the same Circuit when those decisions are at variance with the Administration's national policies.  20 C.F.R. § 416.1485. Acquiescence Rulings are generally binding on all components of the Social Security Administration.  20 C.F.R. § 402.35(b).  Courts will defer to the Administration's Rulings unless plainly erroneous or inconsistent with the Act.  Thomas Jefferson Univ. V. Shalala, 512 U.S. 504, 511 (1994).

from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding.

The claimant argues that <u>Drummond</u> does not apply because the record supports a finding that his condition has deteriorated since the prior ruling. In the February 25, 2004 decision, the ALJ performed the requisite pain analysis and found that, although the claimant has an underlying medical condition, the evidence did not support a finding that the condition was of such severity to reasonably be expected to give rise to the level of disability alleged. As discussed above, the February 24, 2004 decision is final with respect to the prior application of disability.

With respect to the current application, the ALJ concluded that there had been no relevant change/deterioration in the claimant's medical condition since the February 25, 2004 decision and, therefore, <u>Drummond</u> applies. The court finds, however, that the ALJ did not perform the proper analysis of the evidence submitted in connection with the second application and, therefore, his decision, finding no change or deterioration in the claimant's condition, was not supported by the evidence.

The record is replete with medical records from Dr. Mazloomdoost evidencing claimant's extreme pain and his persistent efforts to obtain relief. The record evidences that the claimant has undergone multiple sacroiliac and trigger point injections, which have provided him with limited relief for only

6

short durations.  He is also on drug therapy, which has included
Lorcet 10, Methadone, Naproxen, Zanaflex, Lyrica.  In December
2004, Dr. Mazloomdoost noted that the claimant is wearing a back
brace daily and using a cane to ambulate.  In January 2006, the
claimant reported to Dr. Mazloomdoost that the pain had moved
into his shoulder and into his right leg.  This is all evidence
of further deterioration and/or exacerbation of plaintiff's
symptoms of pain.

Dr. Mazloomdoost has submitted RFC assessments.  On April
15, 2004, Dr. Mazloomdoost submitted a "physician interview form"
in which he stated that the claimant should not lift over 20
pounds and should not bend.  On September 19, 2005, Dr.
Mazloomdoost submitted an updated RFC, stating that the claimant
suffers from very severe pain at his back and that he is totally
and permanently disabled.  (AR 620).  He also stated that the
claimant cannot lift 10 pounds; bend, squat, or crawl; sit for
more than one hour; or stand/walk for even an hour.  (AR 620).

It is apparent from the ALJ's findings that he rejected Dr.
Mazloomdoost's RFC assessments.  The regulations provide that a
treating physician's opinion will not be given controlling weight
unless it is "well-supported by medically acceptable clinical and
laboratory diagnostic techniques." 20 C.F.R. § 404.1527(d)(2).
If an ALJ does not find a  treating source's opinion to be
entirely credible, the ALJ may reject it, provided that good
reasons are specified.  Bogle v. Sullivan, 998 F.2d 342, 347–49
(6th Cir. 1993).  A decision denying benefits "must contain

7

specific reasons for the weight given to the treating source's

medical opinion, supported by the evidence in the case record,

and must be sufficiently specific to make clear to any subsequent

reviewers the weight the adjudicator gave to the treating

sources' medical opinion and the reasons for that weight."  Soc.

Sec. Rul. 96-2; Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544

(6th Cir. 2004).

Here, the ALJ did not give any reasons for rejecting Dr.

Mazloomdoost's opinion.  In fact, the ALJ did not articulate the

weight given to any of the medical opinions regarding whether the

claimant's condition had deteriorated since the prior decision.

Instead, the ALJ summarized the new medical evidence, including

medical expert testimony, and concluded that the claimant could

perform light work allowing for a sit/stand option and no

climbing, stooping, crouching or crawling.

The ALJ stated:

Of note, in June 2004, Dr. Mazloomdoost commented on the
claimant's compliance with injection stating he received
significant relief with injection but that this was "short-
lived."  He stated the claimant was wearing a back brace and
ambulated with a very antalgic gait on the right.  Diagnoses
were post-laminectomy pain and disc herniation.  On October
7, 2004, Dr. Mazloomdoost commented on the claimant's
appearance of severe pain "he cannot stand in normal and
comfortable position."  Increased muscle tension was evident
on palpation of the lower back indicative of severe spasm.
There was severe tenderness also of the gluteal muscles
bilaterally as well as the interspinal ligaments.  He
recommended physical therapy but the claimant was "not
interested" stating he had increased pain when undergoing
therapy.  Medications prescribed chronically included
Percocet, Soma, and Lorcet (Exhibit B12F).  On September 14,
2005, Dr. Mazloomdoost submitted a medical assessment form
in which he stated the claimant should never lift even 10
pounds and could not use the lower extremities for
pushing/pulling or for repetitive motion (Exhibit B21F).

8

On May 4, 2006, response was received to interrogatories propounded to medical expert Kenneth L. Cloninger, M.D.  Dr. Cloninger noted that much of the claimant's allegations were subjective.  He stated that there was a major shift in diagnosis by Dr. Mazloomdoost and was not sure why the claimant continued to carry a diagnosis of ruptured disc. He noted that Dr. Mazloomdoost also changed diagnoses from post laminectomy syndrome to myofascial pain syndrome.  Dr. Cloninger opined that the severity of Mr. Fore's impairment did not satisfy the requisite of any listing.  He stated that the claimant's credibility was critical to the case. He opined that as of October 2003, the claimant retained the capacity to perform light work not requiring more than occasional bending, squatting, crawling, or climbing and that he would be totally precluded from working at heights and moderately limited in his ability to work around machinery (Exhibit B23F).

Subsequent to receiving Dr. Cloninger's response as noted above, Dr. Mazloomdoost submitted an office notation of January 12, 2006, in which he stated that the claimant was currently utilizing a cane in order to ambulate and had developed shoulder pain as a result.  He noted additionally, that the claimant appeared very depressed and was actually crying during the office visit/examination.  He stated the claimant appeared to have all of the signs of right sacroiliac inflammation based on his tendency to lean to the left while standing.  He noted extreme tenderness diffusely about the lumbar spine. He stated, "I believe this poor man is suffering from very severe pain."  Dr. Mazloomdoost stated that absent injection therapy currently not authorized by the claimant's insurance, he had no choice but to prescribe additional pain medication including Lyrica and Methadone (Exhibit 25F).

Dr. Mazloomdoost also responded to Dr. Cloninger's report stating that Dr. Cloninger had apparently not seen his office notations and diagrams regarding the location of pain and causation.  He remarked further on the comment regarding "shift in diagnosis" indicating that he listed/recorded the diagnoses in order of occurrence, 1.disc herniation; 2. post laminectomy.  He stated that these diagnoses were obvious since the claimant was diagnosed with the first and underwent the procedure listed at number 2.  He stated that diagnoses 3 and 4 (post laminectomy syndrome to myofascial pain syndrome) were **additional** diagnoses rather than changed diagnoses (Exhibit B25F/2).

(AR 360-61).

The ALJ did not further discuss the opinion evidence and did

9

not explain how he weighed Dr. Mazloomdoost's explanations of the
issues raised by Dr. Cloninger or his RFC assessments.  The ALJ
did not explain how he came to the conclusion that there had been
no change/deterioration since February 25, 2004.

In <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541
(6th Cir. 2004), the Sixth Circuit remanded a denial of Social
Security benefits finding that the ALJ's failure to give "good
reasons" was grounds for remand even if substantial evidence
otherwise supported the ALJ's decision. *Id*.  The regulations
requiring the ALJ to provide good reasons for rejecting a
treating physician's findings is "an important procedural
safeguard for claimants for disability benefits." *Id.* at 547
(citing <u>Snell v. Apfel</u>, 177 F.3d 128, 134 (2d Cir. 1999)).

The court finds the ALJ erred in not articulating what
weight he gave to any of the medical opinions and, specifically,
why he was not crediting the opinion of claimant's treating
physician, Dr. Mazloomdoost.  The ALJ simply stated "[t]he
totality of the evidence is consistent with the residual
functional capacity that I have determined," but he did not make
further mention of the medical evidence or how the opinion was
inconsistent with the evidence of record (AR 362).

Further, the court is concerned with the ALJ's pain
analysis.  In order to find a claimant disabled on the basis of
pain alone, the ALJ must first determine whether there is
objective medical evidence of an underlying medical condition.
The ALJ must then determine: (1) whether the objective medical

evidence confirms the severity of pain alleged by claimant; or

(2) whether the underlying medical impairment is severe enough

that it can reasonably be expected to produce the allegedly

disabling pain.  Duncan v. Secretary of H.H.S., 801 F.2d 847,

852-53 (6th Cir. 1986).  See also Felisky v. Bowen, 35 F.3d 1027,

1038-39 (6th Cir. 1994); Jones v. Secretary of H.H.S., 945 F.2d

1365, 1369 (6th Cir. 1991).  This test, however, "does not

require . . . 'objective evidence of the pain itself.'"  Duncan,

801 F.2d at 853.  Where a complaint of pain is not fully

supported by objective medical findings, the ALJ should consider

the frequency and duration of pain, as well as other

precipitating factors, including the effect of the pain upon

claimant's activities, the effect of claimant's medications and

other treatments for pain, and the recorded observations of pain

by claimant's physicians.  Felisky, 35 F.3d at 1039-40; 20 C.F.R.

§ 404.1529(c)(3).

Where the medical evidence is consistent, and supports

plaintiff's complaints of the existence and severity of pain, the

ALJ may not discredit claimant's testimony and deny benefits.

King v. Heckler, 742 F.2d 968, 975 (6th Cir. 1984).  Where,

however, the medical evidence conflicts, and there is substantial

evidence supporting and opposing a finding of disability, the

Commissioner's resolution of the conflict will not be disturbed

by the Court.  Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th

Cir. 1983).  In either event, the ALJ must articulate, on the

record, his evaluation of the evidence and how it relates to the

factors listed above.  <u>Felisky</u>, 35 F.3d at 1039-41.

Here, the ALJ stated that "it was reasonable to expect the claimant would experience some degree of symptoms and limitations as a result of his impairment," but he then discredited the claimant's statements concerning the intensity and limiting effects of his symptoms.  The court finds that the ALJ did not set forth his evaluation of the evidence and how it relates to the factors for evaluating pain in sufficient detail to permit meaningful review.  See <u>Felisky</u>, 35 F.3d at 1039-41.  As discussed above, the court finds that the record is filled with evidence of the existence and severity of plaintiff's pain and its exacerbation since February 25, 2004.  Thus, upon remand the ALJ should conduct a detailed analysis on whether the claimant's pain is of such a degree as to be disabling and specifically set forth his analysis in his decision.

The claimant also argues that the ALJ omitted relevant information in developing his hypothetical questions for the vocational expert.  The claimant, however, has not identified what factors or limitations the ALJ failed to include in his hypothetical questions.  Thus, the court will not consider this argument.  <u>See Hollon ex rel. Hollon v. Comm'r of Soc. Sec</u>. 447 F.3d 477, 490-91 (6th Cir. 2006).

As explained above, the court finds that the ALJ erred in determining that the claimant's condition had not deteriorated without articulating the weight given to the medical opinions and without providing a detailed pain analysis.  Accordingly, the

12

ALJ's decision is not based on substantial evidence.

Once a court determines that substantial evidence does not support the Commissioner's decision, it can reverse the decision and award benefits only if all essential factual issues have been resolved and the record establishes a claimant is entitled to benefits.  <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).  Where, as here, the factual issues have not been resolved, the court shall remand the case for further consideration.  <u>Id</u>.

Therefore, the court being advised,

**IT IS ORDERED** that the motion for summary judgment of the plaintiff (Doc. 10) be, and it hereby is, **granted**; and that the cross-motion for summary judgment of the defendant (Doc. 11) be, and it hereby is, **denied**.

**IT IS FURTHER ORDERED** that this action be, and it is, hereby **remanded** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further expedited proceedings.

This 10th day of February, 2009.



Signed By:

<u>William O. Bertelsman</u>  WOB

United States District Judge